IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERALD ANTHONY WRIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-138-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gerald Anthony Wright, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

---

[1] Petitioner designates John Rupert, Warden, as Respondent, however the correct respondent is William Stephens, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. The clerk of court is ordered to docket and change the designation of the Respondent to reflect "William Stephens, Director, Texas Department of Criminal Justice, Correctional Institution Division," as Respondent.

## I. Factual and Procedural History

Petitioner is serving a life sentence in TDCJ for his June 12, 1986, conviction for sexual assault in Tarrant County, Texas. (Pet. at 2) Petitioner has filed numerous federal habeas petitions, see Wright v. Quarterman, No. 4:08-CV-251-A, 2008 WL 2081561 at *1 (N.D.Tex. May 15, 2008), including a prior petition raising the same or similar claim regarding his eligibility for mandatory supervision release, see Wright v. Quarterman, No. 4:08-CV-343-A, 2008 WL 4787647 at *2 (N.D.Tex. Oct. 27, 2008), aff'd, No. 08-11069 (5th Cir. 2009). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837

---

28 U.S.C. § 2243 (emphasis added).

> Rule 4 of the Rules Governing Section 2254 Cases provides:
>
> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*
>
> Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

(5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner is aware of the successive-petition bar and was informed of the requirement that he obtain permission to file a successive petition from the Fifth Circuit Court of Appeals in his previous habeas action. Nevertheless, he has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

### III. Sanctions

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims and can include restrictions on the

ability to file future lawsuits without leave of court and monetary sanctions. *See* Fed. R. Civ. P. 11; *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

Petitioner is warned that the filing of any other successive challenge to his 1986 state court conviction or sentence and/or his eligibility for mandatory supervision release, without first obtaining and providing to this Court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive. The court further ORDERS that any pending motions be, and are hereby, denied.[3]

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

---

[3]Petitioner did not pay the $5.00 filing fee or file an application to proceed in forma pauperis. However, because the court lacks jurisdiction over this cause, no notice of deficiency will issue.

5

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED February 27, 2014.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE